UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>v.<br><br>SAJID EMILIO QUINTERO NAVIDAD,<br><br>                             Defendant. | Case No.: 17CR2976-CAB<br><br>**ORDER ON MOTION TO MODIFY CONDITIONS OF CONFINEMENT**<br>[Doc. No. 55, 60] |

     Before the Court is defendant Sajid Emilio Quintero Navidad's motion requesting the Court order the United States Marshal Service ("USMS") and the Western Region Detention Facility ("WRDF") to modify his conditions of confinement. [Doc. Nos. 55, 60.] The United States filed a response. [Doc. No. 59.] Quintero filed a reply. [Doc No. 63.] The Court determines the motion suitable for determination on the papers.

     Quintero is detained having entered a guilty plea to a multiple count indictment charging him with International Conspiracy to Distribute Controlled Substances Intended for Importation into the United States, in violation of Title 21, United States Code §§ 959, 960 and 963, Conspiracy to Import Controlled Substances, in violation of Title 21, United States Code §§ 952, 960 and 963, and Conspiracy to Launder Monetary Instruments, in violation of Title 18, United States Code § 1956. Awaiting his sentencing, Quintero is being detained in the Restricted Housing Unit ("RHU") of the WRDF.

Conditions of confinement in the RHU are very restrictive and Quintero contends his lengthy and continued placement in the RHU is punitive or at least unsupported by any legitimate safety and security reasons. He therefore requests the Court order the USMS and the WRDF to place Quintero in the general population.

"If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment." *Bell v. Wolfish*, 441 U.S. 520, 539 (1979). *Bell* established a two-part test for identifying unconstitutional punishment at the pretrial stage of criminal proceedings. First, the court must look for an express intent to punish on the part of the detention facility officials. *Id.* at 538. If the court does not make such a finding, the inquiry then turns to whether the condition or restriction may be rationally related to serving the alternative, non-punitive purpose assigned to it. *Id.*

The record does not support a conclusion that the WRDF is detaining the defendant in the RHU for punitive reasons. The defendant's conditions in the RHU are the same as other inmates being held in the RHU and while they are restrictive there is no indication that they are being imposed on this defendant to be punitive. [Doc. No. 59, at 7-10.[1]] Defendant concedes he does not challenge the constitutionality of his conditions and acknowledges that the USMS and WRDF have been responsive to his many health needs. [Doc. No. 63, at 1-2.]

The decision of the USMS and the warden of the WRDF to place and continue to hold the defendant in the RHU was based on their assessment that the defendant's presence in the general population poses a serious threat to the defendant and others. Given the nature of the conspiracies to which the defendant has admitted his guilt and his role, the Court will not second guess the determination of these officials that maintaining the defendant in the RHU is a rational and reasonable security measure. *See Bell*, 441 U.S. at

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

547 (administrators are to be afforded wide-ranging deference in implementing policies to maintain institutional security). The defendant disagrees that his circumstances require his continued detention in the RHU, however the Court finds the defendant's opinion an insufficient basis to override the determination of the officials responsible for institutional security.

Without evidence of a constitutional violation, the Court will not order the USMS or WRDF to place the defendant in the general population. The motion is DENIED.

IT IS SO ORDERED.

Dated: February 16, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge