UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BEFORE HONORABLE CATHY ANN BENCIVENGO, JUDGE PRESIDING

UNITED STATES OF AMERICA, )
)
Plaintiff, )
V. ) SAN DIEGO, CALIFORNIA
)
SAJID EMILIO QUINTERO NAVIDAD, ) CASE NO. 17CR2976-CAB
Aka "Cadete," )
)
Defendant. )

COURT STENOGRAPHER'S TRANSCRIPT OF PROCEEDINGS
CHANGE OF PLEA HEARING
PAGES 1-15

For the Government: United States Attorney's Office
Southern District of California
MATTHEW J. SUTTON, AUSA
880 Front Street, Room 6293
San Diego, CA 92101-8893

For the Defendant: BONNIE S. KLAPPER, Esq.
48 West 25th Street, Suite 600
New York, NY 10010

The McDonnell Law Firm
Michael S. McDonnell, Esq.
418 E. La Habra Boulevard
La Habra, California 90631

Proceedings reported by stenography, transcript produced by CAT software

---

Mauralee Ramirez, RPR, CSR No. 11674
Federal Official Court Stenographer
ordertranscript@gmail.com

San Diego, California; Thursday, January 25, 2018; 9:09 a.m.

(17CR2976-CAB called)

ATTORNEY SUTTON: Good morning, Your Honor. Matthew Sutton on behalf of the United States.

ATTORNEY KLAPPER: Good morning, Your Honor. Bonnie Klapper on behalf of the defendant, Sajid Quintero Navidad.

ATTORNEY MCDONNELL: Good morning, Your Honor. Michael McDonnell also on behalf of Mr. Navidad.

ATTORNEY SUTTON: Your Honor, if we could take a brief second, Mr. Quintero missed one signature on of the addendums so that way we'll have the addendums in this case if we could just have him sign that before we begin.

THE COURT: Okay.

(Attorney/Client discussion off the record)

THE CLERK: Ms. Klapper, your client speaks English?

ATTORNEY KLAPPER: Yes, he speaks very good English. But in case there is any confusion over legal terms, I'm glad we have the interpreter present. May I approach?

THE COURT: Well, do you want to proceed in English, sir?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay.

Yes.

(Defendant given an oath)

THE CLERK: Sir, is Sajid Emilio Quintero Navidad your

true name?

THE DEFENDANT: Yes, ma'am.

THE CLERK: Sir, would you like to enter a guilty plea today?

And, Counsel, do you waive reading of the counts? Counsel?

ATTORNEY KLAPPER: Yes. Yes, we do, your Honor.

THE COURT: All right. Sir, it is my responsibility not to review certain things with you to make sure you understand the importance of the guilty plea you are entering. You do have the right to remain silent, but because of your indication you wish to plead guilty and in order for me to accept your guilty plea, I need to ask you questions and get some answers from you, therefore, you must waive your right to remain silent, speak with me, and answer my questions. Do you understand that.

THE DEFENDANT: Yes, ma'am.

THE COURT: You've also agreed to tell the truth. That means if you intentionally lie or give me false answers, you could be charged with a separate crime called perjury or making a false statement, and if convicted, you could receive a substantial sentence with custody, so it's very important that you think before answering my questioning and speak honestly. Do you understand that? I need you to answer audibly.

THE DEFENDANT: Yes. Yes, your Honor.

THE COURT: Thank you. Okay. Are you presently taking any substance or medication that affects your ability to think clearly?

THE DEFENDANT: No.

THE COURT: Are you having any problem understanding what's going on so far?

THE DEFENDANT: No.

THE COURT: If, at any time, you wish to consult with your attorney before you answer a question or if you don't understand my question, you can ask me to restate it. All right?

THE DEFENDANT: Yes.

THE COURT: I have been given a document -- I've been given a couple documents. One is labeled plea agreement. It is 17 pages in length and appears to have been signed by you on the last page and has the initials, it looks like SQ in the lower right-hand corner of each page. Is that your signature and initials, sir?

THE DEFENDANT: Yes, ma'am.

THE COURT: There's also an addendum to that plea agreement which the Court has signed to be filed under seal. That's an additional four pages, signed by you on the last page and initialed on each page, and a forfeiture addendum to the plea agreement which is five pages, signed by you on the fourth page with your signature and initials on each page.

Are those your signature and initials on those addendums as well?

THE DEFENDANT: Yes.

THE COURT: When I refer to your plea agreement in this case, I'm referring to all three of these documents together, understand?

THE DEFENDANT: Yes.

THE COURT: Counsel, are all the terms of the agreement contained within these written documents?

ATTORNEY SUTTON: Yes, Your Honor, on behalf of the United States.

ATTORNEY KLAPPER: Yes, Your Honor.

THE COURT: Before you signed your plea agreement, sir, did you read it or have it explained to you in a way you could understand it?

THE DEFENDANT: Yes.

THE COURT: And did you have time to discuss it with your attorneys and did they answer whatever questions you have?

THE DEFENDANT: Yes.

THE COURT: Do you now have any questions about the terms or the language of the plea agreement?

THE DEFENDANT: No.

THE COURT: And are you satisfied with the advice you received from your counsel?

THE DEFENDANT: Yes.

THE COURT: Your plea agreement does set out various rights you give up by pleading guilty. They're very important rights, so I am going to go over them with you. You have the right to continue to plead not guilty and proceed to trial. If you did that, you would have the right to a speedy and public trial before a judge or a jury and the right to force the government to prove its case against you to a standard called beyond a reasonable doubt and to do that without any help or testimony from you.

If you went to trial and couldn't afford an attorney, the Court would appoint an attorney to represent you through trial and appeal, if you needed to appeal.

You would also have the right to put on a defense to the case against you, to introduce evidence on your behalf, the right to have witnesses and evidence ordered to court to help you without any expense to you, the right to confront and cross-examine the witnesses against you, which means to see those witnesses testify and ask them questions. And, finally, if you went to trial, you would have the right to remain silent, which means you couldn't be forced to testify at any hearing or trial, and the government couldn't comment upon the fact that you decided to remain silent.

By pleading guilty, there is no trial. You give up your right to a trial and the other constitutional rights I have just gone over with you. Do you understand that and agree

to give up these rights?

THE DEFENDANT: Yes.

THE COURT: Your plea agreement describes what the government would have to prove to establish your guilt for the charges against you. These are called the elements of the offense. There are three counts in this case. With regard to count 1, the elements are that there was an agreement between two or more persons to distribute cocaine and heroin outside the United States knowing and intending that the cocaine and heroin would be imported into the United States, that you knew the agreement had an unlawful object or purpose, and you joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

For the enhanced penalties, the government would have to prove that the offense involved 5 kilograms or more of cocaine and 1 kilogram or more of heroin, and this type and quantity of drugs were within the scope of your agreement and were reasonably foreseeable to you.

With regard to count 2, the government would have to prove that there was an agreement between two or more persons to import cocaine and heroin into the United States from a place outside the United States, that you knew the agreement had an unlawful object or purpose, and you joined in the agreement knowing its purpose and intending to help accomplish that purpose.

And, again, for the enhanced penalties, the offense involved 5 kilograms or more of cocaine and 1 kilogram or more of heroin, and this type and quantity of drugs were within the scope of your agreement or were reasonably foreseeable to you.

With regard to count 3, the government would have to prove there was an agreement between two or more persons to transport money from a place in the United States to or through a place outside the United States, that you knew the agreement had an unlawful object or purpose, that you joined in the agreement knowing of its purpose and intending to help accomplish that purpose, and you knew the money represented the proceeds of unlawful activity, and the transportation was designed in whole or in part to conceal or disguise the nature or location, source, ownership, control of the proceeds of the unlawful activity, that is possession with intent to distribute a controlled substance or distribution of a controlled substance.

You understand that if you plead guilty to the charges, you will be admitting each of these elements?

THE DEFENDANT: Yes.

THE COURT: And these charges carry certain maximum penalties. With regard to both counts 1 and 2, each carry the penalty of a maximum of life in prison and a mandatory minimum of ten years, a maximum fine of $100 per count, a term of supervised release of at least five years, and a maximum term

of life, forfeiture of all property constituting or derived from the proceeds obtained, and possible ineligibility for federal benefits.

For count 3, there is a maximum term of 20 years in prison, a maximum $500,000 fine or twice the value of the property involved in the transaction, whichever is greater, a mandatory special assessment of $100 per count, and a term of supervised release of not more than five years, and forfeiture of all property, real or personal, involved in such offense or property traceable to such property.

You understand these are the maximum penalties you could receive by pleading guilty?

THE DEFENDANT: Yes.

THE COURT: You also understand as part of the sentence you receive, the Court may impose a term of supervised release. That means that there will be rules you have to follow when you're released from custody. If you violate those rules, you could be sent back to prison for the maximum of your original term of supervised release without any credit for time you served in jail, even if you -- even if you were following the rules up until the Court found you might have violated. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Now that we have discussed the maximum penalties you could receive, the maximum sentence you receive

will be up to the Court. In deciding the sentence, I will consider rules called the sentencing guidelines. Have you discussed those with your attorney?

The guidelines are a recommendation. I'm not required to follow them. I have the authority to impose a sentence up to the statutory maximum, and if I give you a sentence higher or more severe than you will be expecting, you will still be bound by the guilty plea. You won't have the right to take it back even if you may have the right to challenge my sentencing decisions. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: And you have you waived all rights to appeal. There are no contingencies here other than ineffective assistance of counsel. You understand that? So whatever sentence I impose, it's not appealable.

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: You also understand that there are mandatory minimum requirements with regard to this sentence that I can't go below regardless of what your guidelines might be calculated at.

(Attorney/Client discussion off the record.)

THE DEFENDANT: Yes.

THE COURT: The defendant is a citizen?

ATTORNEY SUTTON: He is not. He size a Mexican citizen, Your Honor.

THE COURT: If you're not a citizen of the United States, it is a virtual certainty you will be deported a result of your guilty plea. Do you understand that?

(Attorney/Client discussion off the record.)

THE DEFENDANT: Yes.

THE COURT: Has anyone threatened or forced to you plead guilty?

THE DEFENDANT: No.

THE COURT: Other than what's in your agreement with the government, has anyone made any special promises to get you to plead guilty?

THE DEFENDANT: No.

THE COURT: And are you pleading guilty because you are, in fact, guilty?

THE DEFENDANT: Yes.

THE COURT: Counsel, have you discussed all the provisions of the plea agreement and the addendums with your client such that you believe he understands it all?

ATTORNEY KLAPPER: Yes, Your Honor.

THE COURT: I'm going to ask you some questions now about some things that happened called the facts of case. I am required to remind you that if you intentionally lie, you could be charged with that separate crime called perjury, so please keep that in mind as we proceed.

At page 6 of your plea agreement, it says beginning on

a date unknown and continuing up to September 22nd, 2017, you were a member of a drug trafficking organization based in Mexico. Is that true?

THE DEFENDANT: Yes.

THE COURT: That you became an organizer and manager within the drug trafficking organization and were responsible for a number of aspects of its operations, specifically you entered into an agreement with other drug traffickers to act as a coordinator organizing the transportation, distribution of large quantities of controlled substances, including cocaine and heroin, for importation from Mexico into the United States, and the smuggling of cash from the sale of the drugs in the United States to organization members in Mexico. Is that true?

THE DEFENDANT: Yes.

THE COURT: That you and your coconspirators coordinated the distribution of hundreds of kilogram quantities of controlled substances from Mexico for illegal importation into the United States, including the Southern District of California, on behalf of the drug trafficking organization, and you and your coconspirators imported hundred kilogram quantities of cocaine and lessor quantities of heroin from Mexico into the United States. Is that true?

THE DEFENDANT: Yes.

THE COURT: And you also admit that you laundered United States currency with your coconspirators which

represented the proceeds of the importation and distribution of the drugs within the United States back to the organization's members in Mexico. Is that true?

THE DEFENDANT: Yes.

THE COURT: And you further agree that the property subject to forfeiture as a result of these offenses, $1 million in United States currency, is proceeds obtained directly or indirectly as a result of the felony offenses alleged in the indictments and/or property used or intended to be used in any manner or part to commit and facilitate the commission of the felony offenses alleged in the indictments. Do you agree with that?

THE DEFENDANT: Yes.

THE COURT: And, finally, you agree that the government could prove the entire conspiracy involved at least 450 kilograms or more of cocaine and this type and quantity of drugs were within the scope of your agreement and were reasonably foreseeable to you? Do you agree the government could prove those facts?

THE DEFENDANT: Yes, I do.

THE COURT: Is the government satisfied with the factual basis?

ATTORNEY SUTTON: Yes. Thank you, Your Honor.

THE COURT: Counsel, is this plea made voluntarily and with your concurrence? Counsel? Counsel?

ATTORNEY KLAPPER: I'm so sorry. Yes, Your Honor.

THE COURT: After all we've talked about, sir, knowing the maximum sentence you could receive, the rights you give up by pleading guilty and the other consequences of your guilty plea, do you still wish to proceed with your guilty plea?

THE DEFENDANT: Yes.

THE COURT: Then the Court asks you for the record, how do you plead to counts 1, 2, and 3 of the indictment, guilty or not guilty?

THE DEFENDANT: Guilty, Your Honor.

THE COURT: The Court finds your plea is freely and voluntarily given with an understanding, knowing, and intelligent waiver of your rights, that you are competent to enter this plea, and there is a factual basis for it. The Court, therefore, accepts your plea. I'll set your sentencing hearing --

Lori, do we have a date?

THE CLERK: Yes, your Honor. For April 20th, 2018 at 9:00 a.m.

THE COURT: The Court orders a presentence report, and your sentencing will proceed on that date.

Anything else for today?

ATTORNEY SUTTON: No, thank you, Your Honor.

ATTORNEY KLAPPER: No, Your Honor.

THE COURT: All right, sir, I'll see you in April.

ATTORNEY SUTTON: Thank you, Your Honor.

**** End of requested transcript ****

CERTIFICATE OF OFFICIAL COURT STENOGRAPHER

I, Mauralee Ramirez, federal official court stenographer, in and for the United States District Court for the Southern District of California, do hereby certify that pursuant to Section 753, Title 28, United States Code that to the best of my ability, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 19th day of April 2021.

/S/ Mauralee Ramirez
Mauralee Ramirez, CSR No. 11674, RPR
Federal Official Court Stenographer